**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br>962 Wayne Ave., Suite 610<br>Silver Spring, MD 20910<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Ave., N.W.,<br>Washington, D.C. 20004<br><br>*Defendant*, | ) | Civil Action No. 17-cv-652<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 § U.S.C. 552 *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.
2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operation of federal, state, and local governments.
3. On March 10, 2017, Plaintiff sent a FOIA request seeking records that were relied upon by EPA Administrator Scott Pruitt for his statements during a March 9, 2017 interview with CNBC's "Squawk Box" and any EPA documents supporting the conclusion that human activity is not the largest factor driving global climate change.

4. On March 23, 2017, EPA granted PEER's request for a waiver of fees associated with the March 10 request.
5. The FOIA requires federal Agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).
6. The FOIA requires the agency to determine within 20 working days after receipt of a FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5. U.S.C. § 552(a)(6)(B)(i).
7. To date, Defendant has failed to produce any records in response to Plaintiff's FOIA Request No. EPA-HQ-2017-004787.
8. Defendant's conduct is arbitrary and capricious, and amounts to a denial of Plaintiff's FOIA request. Plaintiff is seeking to educate the public about whether, during a speech in his official capacity, the EPA Administrator has relied upon or disregarded the scientific research of his Agency, and Defendant is frustrating that purpose.
9. Plaintiff constructively exhausted its administrative remedies under 5. U.S.C. § 552(a)(6)(C)(i), and now seeks an order from the Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.
11. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).
12. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.
13. This court has authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.
15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key and current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public land and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, the U.S. EPA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirement of the FOIA. Here, Defendant is denying the Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

18. On March 9, 2017, EPA Administrator Scott Pruitt appeared, in his official capacity, as a guest on the CNBC program "Squawk Box".

19. During Mr. Pruitt's interview on said program, he stated that as to carbon dioxide created by human activity "I would not agree that it's a primary contributor to the global warming that we see." He also said "there's a tremendous disagreement about of the impact" of "human activity on the climate…" These remarks were made without reference to any peer reviewed data or studies.

20. Despite speaking in his official capacity as EPA Administrator, the content of Mr. Pruitt's remarks stand in contrast to the published research and conclusions of the EPA. The EPA's own web page titled "Causes of Climate Change" states, "[c]arbon dioxide is the primary greenhouse gas that is contributing to recent climate change" and that "[t]he primary human activity affecting the amount and rate of climate change is greenhouse gas emissions from the burning of fossil fuels." The Agency further states that, "[r]ecent climate changes, however, cannot be explained by natural causes alone… it is extremely likely that human activities have been the dominant cause of that warming."

21. On March 10, 2017, PEER filed a FOIA request which sought the release of EPA documents that where relied upon by Administrator Pruitt in making these statements

and any EPA documents that support the conclusions that human activity is not the largest factor driving global climate change.

22. On March 23, 2017, Defendant sent a letter acknowledging receipt of Plaintiff's March 10th FOIA request. Defendant assigned the request No. EPA-HQ-2017-004787 and granted the requested waiver of fees for the search. However, the request for expedited processing was denied, as the Agency stated that it did not believe that the request was urgently needed to inform the public concerning government activity.
23. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of the receipt to respond, or to assert the need for an extension. *See also* 40 C.F.R. § 2.104.
24. Twenty working days from March 10, 2017 (the date of Defendant's receipt of Plaintiff's request) was April 7, 2017.
25. As of this April 13, 2017 filing, Plaintiff has not received any records responsive to its FOIA request nor any determination from Defendant.
26. Administrative remedies are constructively exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its March 10, 2017 FOIA request, Plaintiff now turns to this Court to enforce the FOIA's guarantee to public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

27. Plaintiff incorporates the allegations of the preceding paragraphs.
28. Defendant's failure to disclose the records requested under Request No. EPA-HQ-2017-004787 within the time limits mandated by statute is a constructive denial and wrongful

withholding of records in violation of the FOIA, 5 U.S.C. § 552, and the Environmental Protection Agency's regulations promulgated thereunder, 40 C.F.R. § 2.100 *et seq*.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing the Defendant to disclose to plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of the court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on April 13, 2017,

/s/ Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Attorney for Plaintiff*